CJW Library
FILED
SUPERIOR COURT
OF GUAM
2013 JUN 24 PM 2:39

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,

v.

ULYSIS KAPWICH,

Defendant.

CRIMINAL CASE No. CM 0730-12

**DECISION AND ORDER**
On Defendant's Motion to Dismiss

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 8, 2013 on Defendant's Motion for Dismiss for Civil Compromise. The People of Guam were represented by Assistant Attorney General Christine Santos Tenorio. The Defendant was represented by Assistant Alternate Public Defender John Morrison. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion to Dismiss.

## FACTUAL HISTORY

The Defendant has been charged with two counts of misdemeanor *Family Violence* and one count of *Assault* for actions arising out of an alleged altercation between the Defendant and his girlfriend. As with all crimes, the Defendant was charged based upon facts presented in a police reported submitted to the Attorney General's Office following the Defendant's arrest. Since the arrest, the alleged victim has expressed a desire to have the case dismissed. Based upon the victim's statements, the Defendant has filed a Motion to Dismiss arguing that the charges against the Defendant should be dropped because the parties have reached a civil compromise pursuant to 8 GCA §80.90. The People filed an opposition to the motion arguing

that dismissal pursuant to a civil compromise is not appropriate in this case. For the following reasons, the Court agrees with the People. Subsequently, the Defendant was arrested for assaulting the same victim and is charged with fel0ony offenses in CF 0224-13.

## DISCUSSION

The Defendant argues that the criminal charges against him should be dismissed because he and the alleged victim have reached a civil compromise pursuant to 8 GCA §80.90. The relevant statute reads:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

The People oppose the motion and argue that the Defendant cannot demonstrate that the victim "has received satisfaction for the injury" as required by the law. The Defendant has stated that the alleged victim "does not want compensation for anything that happened in the case," because he and the victim "have worked out their differences." The People maintain that "satisfaction of the victim's injury is best addressed through rehabilitation of the Defendant through the criminal justice system."

The Court has previously entertained a motion for civil compromise in a case involving a crime of violence such as *Assault* or *Family Violence*. Those cases involved both the victim and perpetrator being charged in a mutual combat setting. Guam law does not explicitly state that the statute is inapplicable to crimes of violence, however, civil compromise is typically limited to cases involving monetary restitution for property damage. The current facts involve a Defendant

accused of assaulting her boyfriend, making the question of restitution problematic. Contrary to the Defendant's assertion, the Court does not believe that reconciliation between the Defendant and the alleged victim meets the statutory requirement that the victim receive "satisfaction for the injury." 8 GCA §80.90(b).

The Court looks to the laws of California, which served as the basis for Guam's civil compromise statute, for guidance. California law prohibits the application of civil compromise to cases involving domestic violence. The California law which served as the model for Guam's civil compromise statute states:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378, *except* when it is committed as follows:
>
> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
> (b) Riotously.
> (c) With an intent to commit a felony.
> (d) In violation of any court order as described in Section 273.6 or 273.65.
> (e) *By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.*
> (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
> (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code §1377 (italics added).

The Court declines to use its discretion to permit civil compromise in cases involving family and domestic violence where one party is alleged to have been the perpetrator. California law, from which Guam law was adopted, explicitly prohibits civil compromise in these cases. The court recognizes that Guam did not enact the prohibition of family violence cases from civil compromise. The exception of domestic violence cases from civil compromise also holds true in other jurisdictions, such as Oregon and Washington, which share statutory language nearly

identical to California's. *See* ORS §135.703(1)(d), RCW 10.22(4). The rational of prohibition exists not only because it is difficult to determine whether or not an alleged victim has actually "received satisfaction for the injury," but because the prosecution of family violence cases is of interest to the public. More specifically, civil compromise of family violence cases does not present "circumstances such that through private settlement the public is fully vindicated." *People v. Moulton*, 182 Cal.Rptr. 761, 768 (1982). The Guam Legislature, through the recent amendments to the Family Violence Act, has made clear their intent to have cases involving *Family Violence* prosecuted on behalf of the People of Guam. Beginning to apply the civil compromise statute to these cases does not appear to be in keeping with that intent, especially where only one party is charged and alleged to be the actor. Additionally, a characteristic of family violence cases and spousal abuse is the fact that the victim wants the case dropped and the perpetrator released and returned home. The vast majority of the cases pending before the family court have such declarations filed. Hence, it is truly the public's interest and burden to prosecute these matters as the victim, most of the time, will decline to do so.

## CONCLUSION

Based on the foregoing, the court finds no basis for allowing civil compromise in family violence cases and DENIES the Motion to Dismiss for Civil Compromise. Trial is hereby set for July 29th, 2013 at 1:30 pm. Pre-trial conference will be held on July 16th, 2013 at 11:00 am.

SO ORDERED, this 24th day of June, 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam
JUN 24 2013
Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam